UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/20/11

---------------------------------------------------------------x

MICHAEL WILLIAMS,  :  11 Civ. 00104 (RJH) (JLC)

               Petitioner,  :  (Non-ECF CASE)

  -against-  :  **<u>ORDER</u>**

THOMAS LAVALLEY  :

               Respondent.  :

---------------------------------------------------------------x

     <u>Pro se</u> petitioner Michael Williams ("Williams") seeks a writ of habeas corpus under 28 U.S.C. § 2254 (the "Petition"), challenging his January 2, 2007 conviction and sentence in New York State Supreme Court, Bronx County. Williams filed the Petition on December 22, 2010, more than nine months after the expiration of the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996.

     By Order dated March 1, 2011, United States Magistrate Judge James L. Cott ordered Williams to show cause why the Petition should not be dismissed as time barred. On April 26, 2011, Williams filed a response, and upon review thereof, Judge Cott issued a Report and Recommendation (the "Report") on June 28, 2011, recommending that this court dismiss Williams' petition as time barred.

     In the Report, Judge Cott indicated that the parties would be given fourteen days from service of the Report to file written objections, and that failure to file objections within that time would result in a waiver of those objections. Over the following months, Williams has repeatedly asked this court to extend the period for response, in letters dated July 10, 2011, July 28, 2011, September 19, 2011, and October 30, 2011. The court has

1

regularly granted William's requests, most recently setting a deadline of November 30, 2011 to respond. The court's final order indicated that no further extensions would be granted. Nevertheless, Williams never provided the court with written objections.

## BACKGROUND

The facts underlying petitioner's conviction, appeal, and habeas filing are outlined in the Report, which is attached to this opinion for ease of reference.

## STANDARD OF REVIEW

When a magistrate judge has issued findings or recommendations, the district court "may accept, reject, or modify [them] in whole or in part." 28 U.S.C. § 636(b)(1)(C). The court reviews *de novo* any portions of a magistrate judge's Report & Recommendation to which a petitioner has stated an objection. § 636(b)(1)(C); *see United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). "Where no objections are filed ... the court reviews the report for clear error." *Rose v. Zon*, No. 10–CV–2331 (BSJ), 2011 WL 3664390 (S.D.N.Y. Aug. 18, 2011) (internal citations omitted).

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2241 *et seq.* (2008), establishes a one-year statute of limitations for an application for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The one-year period begins to run on the date a conviction becomes final. § 2244(d)(1)(A). "A conviction becomes final for purposes of 28 U.S.C. § 2244(d) upon expiration of the ninety-day

period to petition for a writ of certiorari to the United States Supreme Court." *Pratt v. Greiner*, 306 F.3d 1190, 1195 n.1 (2d Cir. 2002).

An otherwise untimely petition for a writ of habeas corpus may be tolled "only if [the petitioner] shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2560-62 (2010) (internal quotation marks omitted). Equitable tolling of the AEDPA's one year statute of limitations is available "only in the 'rare and exceptional circumstance [ ].' " *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.2000) (quoting *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir.1999)) (alteration in original). In order to equitably toll the limitations period, a petitioner must show that "extraordinary circumstances prevented him from filing his petition on time" and demonstrate that he "acted with reasonable diligence throughout the period he seeks to toll." *Id.*; *see Valverde v. Stinson*, 224 F.3d 129, 133-34 (2d Cir. 2000).

As Williams did not object to the Report within the extended statutory period, he waived any objections to it. The court therefore reviews it for clear error only.

The New York Court of Appeals denied Williams leave to appeal his conviction on December 11, 2008. *People v. Williams*, 901 N.E.2d 771 (N.Y. 2008). Accordingly, the last day Williams could petition for a writ of certiorari was March 11, 2009, and the last day Williams could timely file the Petition was March 11, 2010. The court therefore finds no clear error in Judge Cott's determination that Williams' December 22, 2010 filing of the Petition is barred by the AEDPA's statute of limitations.

After receiving notice from his attorney on December 18, 2009 that leave to appeal was denied, Williams had approximately three months to file his Petition. Instead,

3

Williams waited almost a full year, over nine months after the statute of limitations had expired. (*See* Report at 11). The court therefore finds no clear error in Judge Cott's determination that Williams does not meet the standard of diligence required for equitable tolling purposes.

## CONCLUSION

For the foregoing reasons, the Court adopts the Report and Recommendation of Magistrate Judge Cott in its entirety and DENIES Williams' Petition for a Writ of Habeas Corpus. Because Williams has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253; *see Lozada v. United States*, 107 F.3d 1011 (2d Cir.1997), *abrogated on other grounds by United States v. Perez*, 129 F.3d 255, 259-60 (2d Cir.1997). Pursuant to 28 U.S.C. § 1915(a)(3), any appeal taken from this Order would not be taken in good faith. The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: New York, New York
       Dec. 19, 2011

Richard J. Holwell
United States District Judge

4